STATE of North Dakota, Plaintiff and Respondent,

v.

Kenneth SCHLOSSER, Defendant and Appellant.

Cr. No. 422.

Supreme Court of North Dakota.

Oct. 31, 1972.

Rehearing Denied Nov. 29, 1972.

See also N.D., 200 N.W.2d 54.

Kent Higgins, Public Defender, Bismarck, for defendant and appellant.

Helgi Johanneson, Atty. Gen., and Thomas F. Kelsch, State's Atty., Bismarck, for plaintiff and respondent.

TEIGEN, Judge.

Defendant is appealing from an order revoking a prior order deferring imposition of sentence and from the judgment entered after the revocation. All of the proceedings took place in the Burleigh County District Court.

On August 11, 1971, the defendant pleaded guilty to a charge of possession of marijuana. The court deferred and suspended imposition of sentence and placed the defendant on probation in accordance with the provisions of Section 12–53–13, N.D.C.C. One of the conditions of the order sus-

pending the imposition of sentence (clause (3)(g)) reads as follows:

"That the defendant not use illegal drugs or marijuana, nor have them in possession at any time, and that he consent to his parole officer or other law enforcement officers to search his home, property or person at any time without a search warrant."

On October 6, 1971, the defendant was arrested on a charge of possession of marijuana and was placed in the Burleigh County jail. Later that day he was taken from the jail by his probation officer and two law enforcement officers and was taken to his apartment in Mandan which was then searched without a warrant in his presence, resulting in the discovery and seizure of marijuana and hashish.

Thereafter, at a probation revocation hearing the trial court admitted the products of the search in evidence over the objection of defense counsel that it was obtained in violation of the defendant's Fourth Amendment rights and, on October 18, 1971, it revoked the order of August 11, 1971, suspending the imposition of sentence and sentenced the defendant, upon his original plea of guilty, to imprisonment in the state penitentiary for one year.

Defendant then took this appeal, contending that the evidence introduced at the probation revocation hearing was obtained in violation of his rights under the Fourth Amendment to the United States Constitution and therefore should not have been admitted.

█ It is clear that the court has the power to impose conditions which must be complied with during the period of the suspension of imposition of sentence.

"When a defendant has been found guilty of a crime, whether or not for the first time, the court having jurisdiction thereof, including a county justice, upon application or its own motion may, in its discretion, suspend the imposing of the sentence and may direct that such suspension continue for a definite period of time, upon such terms and conditions as it may determine. Such period shall not exceed five years * * *" Section 12–53–13, N.D.C.C.

The defendant does not attack the validity of this statute but contends that the condition imposed by clause (3)(g) and the resulting search violated his rights under the Fourth Amendment.

To answer this contention we must decide whether this clause is a reasonable exercise of the court's discretion under the authority granted by Section 12–53–13, N.D.C.C., but before this question can be answered we must determine whether a person's status as a probationer affects the protection afforded by the first provision of the Fourth Amendment that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."

Discussing probation generally, the United States Supreme Court in Burns v. United States, 287 U.S. 216, 220, 53 S.Ct. 154, 155, 77 L.Ed. 266 (1932), an appeal from the revocation of the petitioner's probation, stated as follows:

"The Federal Probation Act [citation] confers an authority commensurate with its object. It was designed to provide a period of grace in order to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation which actual service of the suspended sentence might make less probable. [Citation] Probation is thus conferred as a privilege and cannot be demanded as a right. It is a matter of favor, not of contract. There is no requirement that it must be granted on a specified showing. The defendant stands convicted; he faces punishment and cannot insist on terms or strike a bargain. To accomplish the purpose of the statute, an exceptional degree of flexibility in administration is essential. It is necessary to individualize each case,

to give that careful, humane and comprehensive consideration to the particular situation of each offender which would be possible only in the exercise of a broad discretion. The provisions of the act are adapted to this end. It authorizes courts of original jurisdiction, when satisfied 'that the ends of justice and the best interests of the public, as well as the defendant, will be subserved,' to suspend the imposition or execution of sentence and 'to place the defendant upon probation for such period and upon such terms and conditions as they may deem best.' "

A further statement of the purpose of probation is found in Roberts v. United States, 320 U.S. 264, 272, 64 S.Ct. 113, 117, 88 L.Ed. 41 (1943):

"\* \* \* the basic purpose of probation, namely [is] to provide an individualized program offering a young or unhardened offender an opportunity to rehabilitate himself without institutional confinement under the tutelage of a probation official and under the continuing power of the court to impose institutional punishment for his original offense in the event that he abuse this opportunity."

Defendant cites two cases in support of the proposition that a person on probation has the same Fourth Amendment rights as an ordinary citizen. In the first of these, United States ex rel. Lombardino v. Heyd, 318 F.Supp. 648, 650 (E.D.La.1970), the court said:

"I have no hesitation in stating that probationers are entitled to basic constitutional rights, including protection from illegal searches and seizures."

The decision went on to say:

"The crux of the question posed here, however, is the *extent* of such rights. '[T]he federal constitutional rights of an accused in a criminal prosecution and the rights of an offender in proceedings on revocation of conditional liberty under parole or probation are not coextensive.' "

The second authority cited is Martin v. United States, 183 F.2d 436, 439 (4th Cir. 1950). The court stated:

"There is no doubt that the Fourth Amendment protects all persons suspected or known to be offenders as well as the innocent, and it unquestionably extends not only to the persons but also to the houses of the people, whether they be residences or places of business."

Continuing, however, the court said:

"The Amendment applies in this case to Martin, a probationer, and to his garage located near his home, although his status is a circumstance to be taken into consideration \* \* \* "

In neither of these cases was there a condition of probation similar to that in the present case. In *Lombardino* the petitioner, placed upon probation after pleading guilty to attempted simple burglary, was subject to a condition that he refrain from the violation of any law or ordinance. Evidence obtained from a warrantless search of his person was disallowed in a separate criminal prosecution for possession of marijuana but was allowed in a probation revocation hearing. In *Martin* the defendant was on probation after a conviction for violating federal laws relating to distilled spirits. The warrantless search of his garage was held to be reasonable, taking into consideration all of the circumstances leading up to the search, including that of defendant's status as a probationer.

In People v. Mason, 5 Cal.3d 759, 97 Cal.Rptr. 302, 488 P.2d 630, 633 (1971), the California Supreme Court answered the defendant's contention that a probation condition requiring submission to a warrantless search constitutes an unreasonable invasion of his Fourth Amendment rights as follows:

"We have heretofore suggested, however, that persons conditionally released

to society, such as parolees, may have a reduced expectation of privacy, thereby rendering certain intrusions by governmental authorities 'reasonable' which otherwise would be invalid under traditional constitutional concepts, at least to the extent that such intrusions are necessitated by legitimate governmental demands. [Citations] Thus, a probationer who has been granted the privilege of probation on condition that he submit at any time to a warrantless search may have no reasonable expectation of traditional Fourth Amendment protection."

The defendant Mason was on probation for the possession of marijuana and was subject to a condition of probation requiring him to "submit his person, place of residence, vehicle, to search and seizure at any time of the day or night, with or without a search warrant, whenever requested to do so by the Probation Officer or any law enforcement officer." After tracing a car suspected of being involved in a burglary to the defendant, police officers, who were aware of the above condition of probation, searched defendant's house and car without a warrant, seizing items taken in the burglary which were subsequently suppressed as evidence in a prosecution for the burglary.

In setting aside the dismissal and remanding the case for trial, the California Supreme Court held that the condition of probation was "reasonable and valid, being 'related to [the probationer's] reformation and rehabilitation in the light of the offense of which he was convicted.'" The test applied by the court was that laid down in People v. Dominguez, 256 Cal. App.2d 623, 64 Cal.Rptr. 290, 293 (1967):

"A condition of probation which (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality does not serve the statutory ends of probation and is invalid."

■ Applying this rule in reverse, clause (3)(g) is a reasonable and valid exercise of the court's authority under Section 12–53–13, N.D.C.C.

The United States Supreme Court in United States v. Biswell, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972), held that a statutory authorization of a warrantless search was not violative of the Fourth Amendment:

"We have little difficulty in concluding that where, as here, regulatory inspections further urgent federal interest and the possibilities of abuse and the threat to privacy are not of impressive dimensions, the inspection may proceed without a warrant where specifically authorized by statute."

■■ The defendant's status as a probationer does affect his rights under the Fourth Amendment. The court has a responsibility to regulate a probationer's activities to help in his rehabilitation and at the same time to guard against continued criminal behavior. The condition imposed under clause (3)(g) constitutes a reasonable and necessary element of that regulatory program which did not require the defendant's consent, and, as such, the search and seizure of the contraband from the defendant's apartment by his parole officer without a search warrant was not unreasonable under the Fourth Amendment to the United States Constitution, and the contraband seized was admissible in a probation violation hearing.

For these reasons the order and the judgment are affirmed.

STRUTZ, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.