564 P.2d 82

STATE of Arizona, Appellee,

v.

Susan Lynn PAGE, Appellant.

No. 1 CA-CR 1211.

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 9, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III, Chief Counsel, Crim. Div., and Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

George M. Sterling, Jr., Phoenix, for appellant.

## OPINION

DONOFRIO, Presiding Judge.

Appellant, Susan Lynn Page, was charged by information with the crime of possession of a narcotic drug, to wit: heroin, in violation of A.R.S. § 36–1002, Laws 1961. Pursuant to a plea agreement the appellant entered a plea of no contest on February 6, 1975 to the charge of possession of dangerous drugs in violation of A.R.S. § 32–1970(C)(1), Laws 1971. On March 6, 1975 she was placed on probation for a period of three years.

On appeal, the following arguments are presented:

1. That appellant's plea of no contest was entered in violation of Rule 17.3, Rules of Criminal Procedure, 17 A.R.S. in that there was no factual basis for the plea;

2. That the condition of her probation that she submit to a search and seizure of her person at any time by any peace officer or probation officer is overbroad and in violation of her 4th Amendment privilege against unreasonable searches and seizures.

Rule 17.3, Rules of Criminal Procedure, 17 A.R.S. provides that the trial court, before accepting a plea of guilty or no contest, shall determine that there is a factual basis for the plea. Appellant argues that because the trial court relied on evidence that the appellant possessed heroin as a factual basis for the no contest plea to possession of dangerous drugs, the plea was unlawfully accepted in that possession of dangerous drugs is not a lesser included crime of possession of heroin. Arizona, however, has

followed the position that if there was a factual basis for the more serious charge, a factual basis for the lesser charge need not be shown. *State v. Bates*, 22 Ariz.App. 613, 529 P.2d 1207 (1975).

The issue presented by appellant has recently been discussed at length in the Court's opinion of *State v. McGhee*, 27 Ariz. App. 119, 551 P.2d 568 (1 CA–CR 948, filed June, 1976). That opinion does not preclude the pleading guilty to an offense for which the record does not show a factual basis if (1) there is a factual basis for a more serious charge originally brought against the defendant, and (2) that the charge to which the defendant pleads guilty is reasonably related to the acts shown by the record. The Court, citing comment to ABA Standards, specifically points out that the reduction must at least be to a charge which bears some categoric similarity to the original charge.

As to the first requirement, appellant admits in her brief that at the February 6, 1975 plea proceedings a factual basis was established for the charge of possession of heroin. This is a more serious charge than possession of dangerous drugs. Turning to the second requirement, we find no difficulty in stating that the crime of possession of dangerous drugs is "reasonably related" and bears "some categoric similarity" to the charge of possession of heroin. Both crimes are drug related and connote the same type of criminal activity. Therefore, we conclude that the trial court has complied with the mandate of Rule 17.3.

Appellant's second argument relates to condition No. 16 of the terms and conditions of probation imposed by the trial court which states:

"That defendant submit to search and seizure of person or property at any time by any peace officer, or probation officer, without the benefit of a search warrant."[1]

Fourth and Fourteenth Amendment rights have been and are being reduced by the Court's existing provision.

---

1. Although the record does not reflect that any search has yet been conducted pursuant to condition 16, we nevertheless decide the issue presented because of the fact that defendant's

Appellant does not argue that she is entitled to the full panoply of Fourth Amendment rights which extend to non-probationers, but that condition No. 16 is not properly restricted to society's interest in probation (rehabilitation and prevention of future crimes) and thus is overbroad. She argues that because it gives any peace officer the authority to seize and search her person or property without a warrant at his unfettered whim, it violates her Fourth Amendment rights.

The State answers that appellant ignores the fact that probation is a matter of grace and not of right and therefore is subject to any conditions imposed within the court's discretion pursuant to A.R.S. § 13–1657, Laws 1970.

Although our search does not disclose previous decisions on point in this jurisdiction, appellant's position is not novel. Conditions substantively identical to the one at bar have been given consideration by courts of other jurisdictions and by law commentators.[2] All of the cases recognize that a probationer is entitled to some protection by the Fourth Amendment. The question to be decided is what are the limits of that protection.

The courts which have upheld the condition have done so under one or more of three rationales which have been referred to as the "custody" and "waiver" theories and the "reasonable expectation of privacy" rationale.[3] Under the custody theory, the grace concept of probation is maintained with the probationer being conceptionally in a jail without walls. Because it is only through the grace of a trial court that the probationer is not incarcerated, he cannot be heard to complain of any Fourth Amendment restrictions imposed as a condition of probation which would otherwise have been incidental to his imprisonment.

The waiver theory proceeds from the premise that a defendant at the time of sentencing has the alternative of rejecting the terms of probation and proceeding with sentencing or accepting the conditions thereby waiving any objections thereto. Both of these theories have patent fallacies. The custody theory fails to recognize that the severe limitations on Fourth Amendment privileges imposed in a custodial situation are commanded by the necessity of orderly administration of the custodial environment and therefore are not necessarily coterminous to a probationary status. A spot check of a jail cell is a far cry from a similar intrusion into a probationer's home where he may be living with his family.

The waiver theory, which presumes consent to the terms of probation by the defendant, presents consent in more of a nominal than real sense. The damoclean choice of imprisonment would rarely be chosen over probation, even if the probationer must accept severe inroads on protections afforded by the Bill of Rights. In addition, this theory also fails to recognize that the decision to impose probation versus imprisonment is primarily the responsibility of the trial judge.

The "reasonable expectation of privacy" approach was relied upon in *People v. Mason,* supra, and in our opinion is the most cogent. Under this approach a probationer would have no reasonable expectation of privacy as to those search conditions which are reasonably related to the proper administration of his probation or to the prevention of future criminal activity.

We disagree, however, with the majority's opinion in *Mason* that a condition such as the one at bar meets the criteria established. We believe that the condition fails to meet the standard in two respects.

2. See *People v. Peterson,* 62 Mich.App. 258, 233 N.W.2d 250 (1975); *United States v. Consuelo-Gonzalez,* 521 F.2d 259 (9th Cir. 1975); *State v. Schlosser,* 202 N.W.2d 136 (S.Ct. N.D. 1972); *People v. Mason,* 5 Cal.3d 759, 97 Cal. Rptr. 302, 488 P.2d 630 (1971), cert. den. 405 U.S. 1016, 92 S.Ct. 1289, 31 L.Ed.2d 478 (1972) and W. White, the Fourth Amendment Rights of Parolees and Probationers, 31 U.Pitt.L.Rev. 167 (1969). See also recent case of *Tamez v. State,* Tex.Cr.App., 534 S.W.2d 686 (1976).

3. For a full discussion of these rationales see the dissenting opinion of Judge Wright in *United States v. Consuelo-Gonzalez,* 521 F.2d 259, 273–275 (1975).

First, we agree with the holding in *United States v. Consuelo-Gonzalez,* supra, that the condition is overbroad in that it does not limit the authority to search to the probation officer or to a peace officer at the probation officer's direction. We recognize that information leading to the search may originate from peace officers in their normal course of investigation of other crimes. However, we fail to see how a carte blanche authority for any peace officer to search the appellant, whether the search is related to the probation or not, meets this standard. Second, we believe that the condition is overbroad in that it does not require any factual basis that a breach of probation is occurring or is about to occur prior to the search. In our opinion, the probation officer must have some reasonable basis to suspect a violation prior to a search which is not regulatory in nature.[4]

We believe that the following condition would properly reflect the views expressed herein.

That the defendant submit to a search of her person or property conducted in a reasonable manner at a reasonable time by a probation officer or peace officer at his direction where the probation officer has reasonable grounds to believe that a violation of probation has occurred or is about to occur.

The judgment is affirmed. However, for the reasons stated, this case is remanded to the trial court to permit the trial court to modify the conditions of probation to be consistent with this opinion.

OGG, J., concurs.

FROEB, Judge, dissenting in part:

The majority view in this case surrounds a convicted offender on probation with a constitutional shield against close supervision. I do not think it is required by the fourth amendment.

The decision to either send a criminal to prison or place him on supervised probation is one of the most difficult which faces a trial judge. Writers from every quarter say that rehabilitation is more likely when a defendant can keep his job, support his family and make his amends in the community outside of prison. To accomplish this, the trial judge should have the right to closely circumscribe the offender's conduct, if he is placed on probation. One critical means of doing this is to provide that so long as the offender is under the supervision of the court he can be searched without a warrant. When he successfully completes his probationary period he has earned back his right to that measure of fourth amendment privacy which he lost following his conviction. Without the right to supervise closely an offender who is a marginal candidate for probation, the trial judge may have no choice but to send him to prison as the only alternative safe to the public.

I agree with the language of the California Supreme Court in *People v. Mason,* 5 Cal.3d 759, 97 Cal.Rptr. 302, 488 P.2d 630 (1971), upholding a similar condition of probation:

"Defendant contends that a probation condition which requires submission to a warrantless search constitutes an unreasonable invasion of his Fourth Amendment rights. We have heretofore suggested, however, that persons conditionally released to society, such as parolees, may have a reduced expectation of privacy, thereby rendering certain intrusions by governmental authorities 'reasonable' which otherwise would be invalid under traditional constitutional concepts, at least to the extent that such intrusions are necessitated by legitimate govern-

---

4. Regulatory searches are those such as are required by condition No. 9 of appellant's conditions and regulations of probation which state:

"Defendant shall submit to urinalysis testing as directed by probation officer."

This type of search is at the direction of the probation officer pursuant to this authority un-

der A.R.S. § 13–1657(A)(1) to supervise the probation and is directly related to preventing or discovering the type of proscribed behaviour for which the defendant was convicted. As such, it is related to society's interest in the probationary process and is reasonable under the Fourth Amendment standards.

mental demands. (See *In re Martinez,* 1 Cal.3d 641, 647, fn. 6, 83 Cal.Rptr. 382, 463 P.2d 734; cf. *People v. Gilkey,* 6 Cal.App.3d 183, 186–188, 85 Cal.Rptr. 642, and cases cited.) Thus, a probationer who has been granted the privilege of probation on condition that he submit at any time to a warrantless search may have no reasonable expectation of traditional Fourth Amendment protection.

[Followed by a footnote:]

"We do not intend to suggest that one who has accepted such a condition to the grant of probation is thereafter barred from objecting to the unreasonable manner in which that condition is carried out by police officers. For example, a probationer who claims unlawful harrassment by officers in executing a search may seek appropriate relief from the trial court, including an amendment of the order of probation. (See *People v. Kern,* supra, 264 Cal.App.2d 962, 965, 71 Cal. Rptr. 105.) Defendant makes no such claim in the instant case." (97 Cal.Rptr. at 305, 488 P.2d at 633)

The majority has followed the plurality in *United States v. Consuelo-Gonzalez,* 521 F.2d 259 (9th Cir. 1975) rejecting a similar conviction of probation made applicable to a federal offender. It is of interest to note that thirteen judges of the Court of Appeals heard this case. Six judges concurred in the lead opinion, three others concurred specially, three dissented in a single opinion and one dissented in a separate opinion. It should also be noted that the decision is bottomed on a construction of the language and intent of the Federal Probation Act (18 U.S.C.A. § 3651). Although I do not venture an attempt in this dissent to distinguish probation in the State of Arizona from federal probation, the lead opinion in *Consuelo-Gonzalez* suggests that state statutes pertaining to probation might involve different considerations regarding the constitutional issue at hand. The opinion in *Consuelo-Gonzalez* points out that:

"It is obvious, however, that opinions differ as to what controls are improper, and we express no opinion here regarding the extent to which the states constitutionally may impose conditions more intrusive on the probationer's privacy than those we here have indicated are proper under the Federal Probation Act." (521 F.2d at 266)

The realities of probation supervision, particularly in the urban areas of the state, require that police and law enforcement officers be directly concerned with the activities of offenders on probation status and that they be given the same latitude to deal with probationers that probation officers themselves can exercise. It is common knowledge that in Maricopa County, due to the shortage of personnel, probation officers are often required to supervise in excess of 100 defendants on probation. This burden results in minimal supervision of each defendant, often limited to periodic reporting and telephone calls. The degree of potential supervision is a factor which the trial judge must weigh, when considering probation for an offender. In order to function with any degree of responsibility, a probation officer must depend upon the vigilance of police officers and law enforcement personnel in the field to determine whether the terms and conditions of probation are being observed by the defendant involved.

For this reason, I do not think it unreasonable that a trial judge authorize a probation officer or a police officer to search the property or person of a defendant on probation without a search warrant under reasonable circumstances. Of course, the trial judge should impose such a condition of probation only where it is necessary. If there is abuse of the term of probation it can and should be modified by the court where required by the circumstances. In addition to a requirement of reasonableness of any search pursuant to the condition of probation in question, I would limit the use of evidence seized as a result of a warrantless probation search to probation revocation proceedings, unless the search otherwise satisfied the requirements of the fourth amendment.

As to the other issue in this case (whether the plea of no contest was valid), I concur with the majority.