STATE OF NORTH CAROLINA v. CLARENCE WILLIAM CRAFT,
LACY ADAMS CHURCH AND J. C. RUTHERFORD

No. 7623SC661

(Filed 16 February 1977)

1. Criminal Law § 92— joint trial of three defendants — no deprivation of
alibi evidence

The three defendants were not deprived of evidence corroborating
their alibis by the consolidation of their trials for breaking and enter-
ing and larceny where the first defendant took the stand and gave
testimony which tended to establish an alibi for the other two defend-
ants, there was nothing to indicate that testimony by the second
and third defendants would have corroborated an alibi for each other
or otherwise aided in securing a fair trial, and evidence of the first
defendant showed that the other two defendants were in no position to
corroborate the alibi testimony of his other witnesses.

2. Criminal Law § 145.1— consent to searches — condition of probation

Defendant's waiver of his right to be free from warrantless
searches of his person, residence or automobile conducted in the pres-
ence of his probation officer was a valid condition of his probation.

3. Criminal Law § 84; Searches and Seizures § 2— consent to search as
condition of probation

Items were lawfully seized without a warrant from defendant's
house trailer and automobile where defendant, as a condition of his
probation, waived his right to be free from warrantless searches of
his person, residence and automobile conducted in the presence of his
probation officer, and his probation officer was present during the
search and seizure.

4. Burglary and Unlawful Breakings § 5; Larceny § 7— possession of
recently stolen property — sufficiency of evidence for jury

The State's evidence was sufficient for submission to the jury of
issues as to the guilt of three defendants of breaking and entering
and larceny under the theory of possession of recently stolen property
where it tended to show that a store was broken and entered and
quantities of widely distributed brand name products were stolen
therefrom; identification numbers on cartons of cigarettes stolen
from the store matched numbers on cartons found in the trunk of the
first defendant's car some hours after the crimes; a jar of instant
coffee found in the first defendant's house trailer and jars of coffee
taken from the store had the same kind of price markings; the sec-
ond defendant's fingerprints were found on some of the cigarette
cartons seized from defendant's car; and the third defendant told the
arresting officer that he had brought the coffee into the trailer.

APPEAL by defendants from *Walker, Judge.* Judgments en-
tered 1 April 1976. Heard in the Court of Appeals 18 January
1977.

Defendants pled not guilty to charges of felonious breaking and entering and felonious larceny.

The State's evidence tended to show that on the morning of 9 November 1975 a G & S Food Store was broken into and that the following items were taken: two hundred and fifty cartons of cigarettes, four skill saws, one hundred cans of meat, fifty pounds of bacon, fifteen packages of country ham, ten jars of instant coffee and three two-pound cans of coffee. The State's evidence tended to show further that about 7:00 p.m. on 9 November 1975, five police officers, including defendant Craft's probation officer, saw the defendants together in an automobile and followed them to Craft's house trailer; that as a condition of probation Craft had waived "his right to being searched (without a search warrant) of his person, residence, or automobile by his Probation Officer or any other law enforcement officer in the presence of his Probation Officer."; that the officers searched the house trailer and found in the refrigerator three cans of ham and three packages of sliced ham and found in a cabinet two jars of instant coffee; that the officers asked defendant Craft for a key to the trunk of his automobile; that he stated he did not have one; that an officer removed the back seat of the automobile and could see cartons of cigarettes in two large boxes; that upon further request defendant Craft gave the officer a key to the trunk and that the officer unlocked the trunk and found seventy-three cartons of cigarettes in the boxes. Defendants were then arrested and fingerprinted. The State offered testimony which tended to show that the identification numbers on the cartons of cigarettes taken from the grocery store, which were placed upon the cartons by the distributor, matched the numbers on the cartons found in the trunk of defendant Craft's automobile; that one jar of instant coffee seized from the trailer had two price tags, reflecting a change in price, and the jars taken from the store had been marked in that same manner to reflect the same prices; that fingerprints which matched those of defendants Craft and Rutherford were found on some of the cartons; and that at the time the coffee and meat were being seized defendant Church said that "he had brought the stuff there."

The State also offered evidence which tended to show that the glass in the front door of the store had not been broken before 2:00 or 3:00 a.m.; that defendant Craft's car was parked beside his trailer at 1:30 a.m. and at 2:30 a.m., was gone around

3:00 or 4:00 a.m., and was again parked there about 5:30 a.m.; and that the break-in was discovered between 8:00 and 9:00 a.m.

Defendants Craft and Rutherford offered no evidence. Defendant Church offered evidence which tended to show that he and friends had been at a party drinking beer and liquor until about 2:00 a.m. on the morning of the break-in; that they returned to their trailer, which was located near defendant Craft's trailer, about 3:00 a.m.; that defendant Church went to Craft's trailer to have another drink; that Craft and Rutherford were unconscious and could not be awakened; that he returned to his friends' trailer; that he slept until about 8:00 a.m.; that on 9 November 1975, he did not see Craft and Rutherford until about 6:00 p.m. when he asked them to take him to the store to buy some wine; that he had left a ham and some steaks and bacon in defendant Craft's trailer for a party they were going to have; that he objected when the officer took his ham; that neither the cigarettes, coffee, nor other meat was his, but he had seen the meat and coffee there at least three days prior to the break-in; that he had nothing to do with the break-in; and that he had two prior convictions for breaking and entering. The two friends with whom defendant Church lived testified that when they returned to the trailer on 9 November 1975, Church was drunk; that they undressed him and put him to bed; and that they saw him asleep at 4:30, 5:15 and 6:30 a.m.

Defendants were found guilty as charged and appeal from sentences imposing imprisonment.

*Attorney General Edmisten by Associate Attorney Wilton E. Ragland, Jr., for the State.*

*Vannoy & Reeves by Wade E. Vannoy, Jr., for defendant appellant Craft.*

*Vannoy & Reeves by Jimmy D. Reeves for defendant appellant Church.*

*Allen Worth for defendant appellant Rutherford.*

CLARK, Judge.

Defendants have submitted separate briefs, but have raised the same three questions. The questions are not related to perti-

nent assignments of error and exceptions as required by North Carolina Rules of Appellate Procedure 28(b)(3).

[1]   Defendants first assign error to the consolidation of their trials and rely upon *State v. Alford,* 289 N.C. 372, 222 S.E. 2d 222 (1976). It is well settled that consolidation is in the discretion of the trial judge, and, in the absence of a showing that a joint trial has deprived a defendant of a fair trial, the exercise of the judge's discretion will not be disturbed on appeal. *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492 (1968). In *Alford* a new trial was granted to one codefendant where it was shown that the codefendant who had not taken the stand had given a pretrial statement that appeared to corroborate the other codefendant's alibi. Defendants Craft and Rutherford may not complain with respect to defendant Church since he took the stand and offered testimony which tended to establish alibis on their part. Nor may they complain with respect to each other, since there is nothing to indicate, as there was in *Alford,* that testimony of the other would corroborate an alibi or otherwise aid in securing a fair trial. *Alford* does not require severance merely because of the hypothetical possibility that a codefendant may provide exculpatory testimony. Defendant Church may not complain with respect to defendants Craft and Rutherford because there was no showing that their testimony would aid him in his defense. His testimony was that they were unconscious when he went to their trailer, and thus by his own evidence they would have been in no position to corroborate the alibi testimony of his other witnesses.

[2, 3]   Defendants next assign error to the denial of their motions to suppress the evidence seized from defendant Craft's house trailer and automobile. The Fourth Amendment generally requires a warrant for a search or seizure, but a party may waive this requirement and consent to the search or seizure. *State v. Allen,* 282 N.C. 503, 194 S.E. 2d 9 (1973). As a condition to probation, Craft had waived his right to be free from warrantless searches conducted in the presence of his probation officer. This Court has approved a similar condition to probation so long as the search is conducted in an otherwise lawful manner. *State v. Mitchell,* 22 N.C. App. 663, 207 S.E. 2d 263 (1974). We do not think that such a condition is unreasonable or that the consent was not voluntarily given. *People v. Mason,* 5 Cal. 3d 759, 97 Cal. Rptr. 302, 488 P. 2d 630 (1971), *cert. denied* 405 U.S. 1016, 92 S.Ct. 1289, 31 L.Ed. 2d 478

State v. Craft

(1972). Our conception of criminal justice has long progressed beyond the notion that conviction automatically means incarceration. However, it would be absurd to hold unreasonable all those things which are agreed to as a condition of freedom by the convicted criminal, who could otherwise be confined in prison. Although the condition imposed herein is not among those listed in G.S. 15-199, that list is not exclusive. *State v. Foust,* 13 N.C. App. 382, 185 S.E. 2d 718 (1972), *overruled on other grounds,* 21 N.C. App. 316, 204 S.E. 2d 185 (1974), (condition that probationer reimburse State for fees paid to appointed counsel is permissible). Nor does G.S. 15-207, which creates a qualified privilege for "information and data obtained in the discharge of official duty by any probation officer" apply to the present case, since the items seized were not "information and data." Even were they so construed, the denial of the motion to suppress constitutes an order by a judge, as required by G.S. 15-207, that such information be receivable as evidence in court. Since we find no merit to this argument as raised by defendant Craft, we need not decide whether defendants Church and Rutherford have standing to raise it.

[4] Defendants finally assign error to the denial of their motions for nonsuit. Upon motion for nonsuit all the evidence considered must be considered in the light most favorable to the State. 4 Strong, N. C. Index, Criminal Law, § 104 (3d Ed. 1976) and cases cited therein. The State produced evidence of a breaking and entering, of a larceny, and of possession of the stolen property by defendants shortly after the time of the crimes, which circumstances raise a presumption that the possessors were guilty of the crimes. *State v. Eppley,* 282 N.C. 249, 192 S.E. 2d 441 (1972) ; *State v. Black,* 14 N.C. App. 373, 188 S.E. 2d 634 (1972).

Though the stolen property consisted of widely distributed brand name products, the owner testified that there were identifying features, such as numbers and prices, stamped on the cartons of cigarettes and jars of coffee. The evidence of identification was sufficient. *State v. Crawford,* 27 N.C. App. 414, 219 S.E. 2d 248 (1975). The cigarettes and coffee were found in Craft's trailer and automobile, which were in his possession and control. Defendant Rutherford's fingerprints were found on some of the cigarette cartons. Defendant Church told the arresting officer that he brought the coffee in the trailer. Thus, there was evidence tending to show possession of recently stolen prop-

erty by each of the three defendants sufficient to invoke the presumption arising from such possession. And this evidence with other facts satisfactorily proved was sufficient to support the verdicts.

No error.

Judges VAUGHN and HEDRICK concur.