564 P.2d 379

STATE of Arizona, Appellee,

v.

Susan Lynn PAGE, Appellant.

No. 3709-PR.

Supreme Court of Arizona,
In Banc.

April 11, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

George M. Sterling, Jr., Phoenix, for appellant.

HOLOHAN, Justice.

The appellant, Susan Lynn Page, was charged by information with the crime of possession of heroin, a narcotic drug, in violation of A.R.S. § 36–1002. Appellant entered into a plea agreement to which she pled no contest to a charge of possession of a dangerous drug in violation of A.R.S. § 32–1970(C)(1). The trial court entered a judgment of guilty and sentenced appellant to three years' probation. Appellant filed a timely appeal from the judgment and sentence. The Court of Appeals, Division One, affirmed the judgment but remanded the case to the trial court for modification of one of the probationary conditions. *State v. Page,* 115 Ariz.App. 131, 564 P.2d 82 (Filed September 9, 1976). We granted review. The opinion of the Court of Appeals is vacated.

Appellant has raised two issues on appeal. First, appellant argues that there was no factual basis for her plea of no contest to possession of dangerous drugs where the only evidence relied upon by the trial court showed her in possession of heroin. Second, appellant contends that one of the probationary conditions requiring her to submit to a warrantless search at any time by any peace officer or probation officer is overbroad and a violation of her Fourth Amendment rights.

Appellant's argument that there was no factual basis for her no contest plea to possession of dangerous drugs is premised on the fact that heroin is not defined as a dangerous drug under A.R.S. § 32–1901. Rather, heroin is defined as a narcotic drug under A.R.S. §§ 36–1001(12) and 36–1001(14), and its possession is proscribed by A.R.S. § 36–1002. It is ironic that our agreement with appellant's contention will not work to her benefit.

■ In its opinion the Court of Appeals found that there was a sufficient factual basis for appellant's plea of no contest because: (1) there was a factual basis for the more serious charge of possession of heroin; and (2) there was a categorical similarity

between the charge of possession of heroin and possession of a dangerous drug since each charge was drug-related. The Court of Appeals adopted its reasoning from *State v. McGhee*, 27 Ariz.App. 119, 551 P.2d 568 (1976), which in turn relied upon the Comments to the ABA Project on Minimum Standards for Criminal Justice, Relating to Pleas of Guilty, § 3.1(b)(ii) (1967), at 68. Although the categorical similarity test of the ABA standards was recently approved by this court in *State v. Norris*, 113 Ariz. 558, 558 P.2d 903 (Filed December 20, 1976), that standard is limited by *State v. Carr*, 112 Ariz. 453, 543 P.2d 441 (1975). In *Carr* and *State v. Davis*, 112 Ariz. 140, 539 P.2d 897 (1975), we stated that a plea of guilty cannot be sustained absent a factual basis to support each of the elements of the crime to which the defendant has pled. Appellant's entry of the plea of no contest rather than the plea of guilty does not alter the matter in this case. Pursuant to 17 A.R.S., Rules of Criminal Procedure, rule 17.3, a sentencing court in Arizona may not accept a plea of guilty *or no contest* until it has determined that there is a factual basis for the plea.

■ The evidence before the sentencing court shows that appellant was found in possession of heroin only. Since heroin is not included among those drugs enumerated as "dangerous" by A.R.S. § 32–1901, there was no factual basis to support the charge of possession of a dangerous drug. Appellant's plea to that charge must be set aside. We believe that our ruling in this case more closely follows the intent of the legislature when it determined that heroin possession should be subject to the special sentencing provisions in the Uniform Narcotic Drug Act. A.R.S. §§ 36–1001 et seq.

Since the plea must be set aside we need not discuss the challenge to the probationary condition fixed by the judgment of the trial court. Our action in vacating the decision of the Court of Appeals is also applicable to that issue. We reserve our comments on the issue until the matter is presented to us for decision.

This cause is remanded to the superior court where the plea must be set aside and all charges pending against the appellant prior to the plea must be reinstated.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.