568 P.2d 1090

**The STATE of Arizona, Appellee,**

v.

**Jimmie Wayne JEFFERS, Appellant.**

**No. 2 CA–CR 971.**

Court of Appeals of Arizona, Division 2.

May 16, 1977.

Rehearing Denied June 29, 1977.

Review Denied Sept. 8, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Clay G. Diamos, Tucson, for appellant.

## OPINION

RICHMOND, Judge.

This appeal questions the legality of a warrantless search of appellant's premises while he was on probation.

Appellant had been convicted in 1975 of 19 counts of forgery and placed on probation for four years. Based on information from another probationer that there was heroin and stolen property at appellant's residence, two Pima County probation officers went to the residence in May of 1976 to conduct a search pursuant to a condition of appellant's probation requiring him to "submit person and property to search and seizure at any time of the day or night when so requested by a Probation Officer, with or without warrant and with or without probable cause." Because they had been informed that appellant might be armed, they were accompanied by deputy sheriffs who waited outside.

One of the probation officers knocked at the front door, which was opened by a young woman. She told them that appellant was not at home. The probation officers then identified themselves and stated that they "needed to come in and look at the residence at that time." The woman stepped aside and the officers entered the living room, where they observed several television sets, stereo equipment, tires, and three or four golf bags. Approximately 30 seconds after they entered, appellant came into the room and they began to question him about the items. The deputy sheriffs

waiting outside then were summoned, and an extensive search of the residence was made. Several guns, two television sets and another stereo set were found in an upstairs bedroom. One of the deputies saw marijuana on a table downstairs and placed appellant under arrest. Appellant refused to accompany the probation officers to a storage locker a short distance from the residence, where they found more stereo equipment and another television set.

On stipulated evidence appellant was found guilty of receiving stolen property and possession of marijuana, and was sentenced to concurrent state prison terms of four to five years and one to two years, respectively. In addition, his probation on the forgery conviction was revoked[1] and another concurrent prison sentence of 10 to 12 years was imposed.

Appellant urges that the condition of probation requiring him to submit to warrantless searches is overbroad and violates the Fourth Amendment to the United States Constitution.[2] We disagree. A.R.S. § 13–1657(A)(1) provides that the court "may suspend the imposing of sentence and may direct that the suspension continue for such period of time . . . and upon such terms and conditions as the court determines, and shall place such person on probation, under the charge and supervision of the probation officer of the court during such suspension." Upon suspension of sentence, of necessity there may be imposed a wide variety of conditions that touch upon and curtail rights guaranteed under the constitution. *Porth v. Templar*, 453 F.2d 330 (10th Cir. 1971); *State v. Mitchell*, 22 N.C.App. 663, 207 S.E.2d 263 (1974). *See also State v. Smith*, 112 Ariz. 416, 542 P.2d 1115 (1975). The question is to what extent such rights may be limited.

In *United States v. Consuelo-Gonzalez*, 521 F.2d 259 (9th Cir. 1975), it was stated

---

1. Conditions of appellant's release on probation included that he obey all city, state and federal laws; avoid contact with or use of marijuana, dangerous drugs or narcotics, and not possess or control any firearm or dangerous weapon.

2. In their briefs both appellant and appellee have relied primarily upon *State v. Page*, Ariz.

App., 564 P.2d 82, filed September 9, 1976. Since filing of the briefs, however, the decision of the Court of Appeals applicable to the probationary condition in *Page* was expressly vacated by the Supreme Court in Ariz., 564 P.2d 379, filed April 11, 1977, the court reserving its comments on the issue.

that a court may impose only those conditions which can reasonably be said to contribute both to the rehabilitation of the convicted person and to the protection of the public.[3] The appellate court noted that this standard must be flexible, however, in light of the uncertainty as to how rehabilitation is actually accomplished.

In *Consuelo-Gonzalez* a woman was required as a condition of her probation for a narcotics violation to consent to searches of her person and property upon the request of a law enforcement officer. Federal drug agents, acting upon information that she was trafficking in narcotics, learned of the probation condition and took advantage of it to search her home. On the basis of evidence discovered during the search, the defendant was convicted. The Ninth Circuit reversed on the grounds that the search was not for the purpose of rehabilitation because it was conducted by police officers who were not under the immediate and personal supervision of probation officers. The court stated that the probationer's constitutional rights would not have been violated by requiring her to submit person and property to search by a probation officer. Similar searches by probation officers, relying on *Consuelo-Gonzalez*, have since been upheld. *United States v. Gordon*, 540 F.2d 452 (9th Cir. 1976); *People v. Fortunato*, 50 A.D.2d 38, 376 N.Y.S.2d 723 (1975).[4]

It is our opinion that the condition involved here is reasonably related to appellant's rehabilitation and the protection of the public. The purpose of the search requirement is to ascertain whether the probationer is complying with the terms of his probation; to determine not only whether he disobeys but also whether he obeys the law. As stated in *People v. Kern*, 264 Cal. App.2d 962, 71 Cal.Rptr. 105, 107 (1968), "Information obtained under such circumstances would afford a valuable measure of the effectiveness of the supervision given the defendant and his amenability to rehabilitation." The absence of such controls would unnecessarily increase the hazards to the public resulting from the generous use of probation. *United States v. Consuelo-Gonzalez*, supra (dictum).

 Under such circumstances, probable cause is not a constitutional prerequisite to the search. *People v. Fortunato*, supra. Rather, it is sufficient if the probation officer believes that a search is necessary to perform his duties properly. *United States v. Consuelo-Gonzalez*, supra (dictum).[5] We conclude that the condition imposed constitutes a reasonable and necessary element of the probationary program and as such does not violate the Fourth Amendment. *See State v. Schlosser*, 202 N.W.2d 136 (N.D. 1972).

 Despite the validity of the condition, however, there remains the question of whether the warrantless search fell outside its scope. The condition provides for submission to search and seizure "when so requested" by a probation officer. In *People v. Mason*, 5 Cal.3d 759, 97 Cal.Rptr. 302, 488 P.2d 630, 632 (1971), after holding that a similar condition would be rendered meaningless if construed to afford a probationer the opportunity to grant or refuse permission to search, the Supreme Court of California stated: ". . . the words 'whenever requested' were added to require the officers to notify defendant before conducting a search of his house or car. Thus, a search made without defendant's knowledge would have been invalid." Notice giv-

---

3. Several theories have been advance by the courts and law commentators justifying warrantless searches of probationers. See the dissenting opinion of Judge Wright in *United States v. Consuelo-Gonzalez*, supra.

4. For a case holding that the right to be free from warrantless searches conducted in the presence of a probation officer may be waived as a condition of probation, see *State v. Craft*, 32 N.C.App. 357, 232 S.E.2d 282 (1977).

5. Nothing stated herein is intended to preclude mutually beneficial cooperation between law enforcement officials and probation officers. Officers may accompany a probation officer to provide protection or to expedite a search. *See United States v. Gordon*, supra. Under no circumstances, however, should the probation officer become a "stalking horse" for the police, thereby rendering the probation system a subterfuge for criminal investigations. *See United States v. Consuelo-Gonzalez*, supra.

en to a third party does not satisfy the requirement. *See People v. Superior Court of San Mateo County*, 12 Cal.3d 858, 117 Cal.Rptr. 433, 528 P.2d 41 (1974). In the present case, however, although the initial search of the living room by the probation officers may have been invalid as a result of their entry without notice to appellant, the same cannot be said of the search of the upstairs room, discovery of the marijuana, and the search of the rented storage locker, all of which took place with appellant's knowledge.

As a final point, appellant argues that even if the search was valid, the evidence should have been limited to the proceedings revoking the probation on which its validity depends. We disagree. *See Latta v. Fitzharris*, 521 F.2d 246, 252–3 (9th Cir. 1975).[6]

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

---

6. *State v. Magby*, 113 Ariz. 345, 554 P.2d 1272 (1976), which holds that in-custody statements about a later crime made to a probation officer without *Miranda* warnings are inadmissible when the probationer is later tried for that crime, is inapplicable.