566 P.2d 1329

The STATE of Arizona, Appellee,

v.

Donald MONTGOMERY, Appellant.

No. 3886.

Supreme Court of Arizona,
In Banc.

June 17, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Chief Justice.

Defendant, on 21 September 1976, pursuant to a written plea agreement whereby a count of attempted grand theft was dismissed, pled guilty to the crime of second degree burglary (A.R.S. §§ 13–301 and 302). Imposition of sentence was suspended for four years on the condition that he serve 11 months in the Maricopa County Jail. In addition to the usual terms and conditions of probation, Condition No. 11 provided that the defendant "Submit to search and seizure of person or property at any time by any police officer or probation officer without the benefit of a search warrant."

Defendant appeals contending that Condition No. 11 is constitutionally over-broad and a violation of his Fourth amendment right to be free from unreasonable searches and seizures.

Our statute, A.R.S. § 13–1657(A)(1) provides:

"1. The court may suspend the imposing of sentence and may direct that the suspension continue for such period of time, not exceeding the maximum term of sentence which may be imposed, and upon such terms and conditions as the court determines, and shall place such person on probation, under the charge and super-

vision of the probation officer of the court during such suspension. The conditions imposed may include incarceration in the county jail for a specified period not to exceed one year, or a fine not exceeding the amount of fine authorized for the offense."

■ Probation is a form of punishment, *State v. Fuentes*, 26 Ariz.App. 444, 549 P.2d 224 (1976), approved 113 Ariz. 285, 551 P.2d 554 (1976), and the court may require that a defendant comply with numerous conditions of probation when, in the opinion of the court, such conditions aid in the rehabilitation process or prove a reasonable alternative to incarceration as punishment for the crime committed. The defendant, of course, may reject the terms of probation and ask to be incarcerated instead if he finds the terms and conditions of his probation unduly harsh. Unless the terms of probation are such as to violate basic fundamental rights or bear no relationship whatever to the purpose of probation over incarceration, we will not disturb the trial court in the exercise of its discretion in imposing conditions of probation.

■ Of course, Condition No. 11 is a restriction upon the defendant's privacy, but this does not make the condition unconstitutional. While defendant is on probation his expectations of privacy are less than those of other citizens not so categorized. It is not an unreasonable or an unconstitutional limitation upon his right to be free from unreasonable searches and seizures. The California Supreme Court, in considering conditions of probation which allowed searches by probation officers as well as law enforcement officers, stated:

"Defendant contends that a probation condition which requires submission to a warrantless search constitutes an unreasonable invasion of his Fourth Amendment rights. We have heretofore suggested, however, that persons conditionally released to society, such as parolees, may have a reduced expectation of privacy, thereby rendering certain intrusions by governmental authorities 'reasonable' which otherwise would be invalid under traditional constitutional concepts, at least to the extent that such intrusions are necessitated by legitimate governmental demands. (citations omitted) Thus, a probationer who has been granted the privilege of probation on condition that he submit at any time to a warrantless search may have no reasonable expectation of traditional Fourth Amendment protection." *People v. Mason*, 5 Cal.3d 759, 764–65, 97 Cal.Rptr. 302, 305, 488 P.2d 630, 633, (1971). See also *State v. Schlosser*, 202 N.W.2d 136 (N.D.1972).

The United States Ninth Circuit Court of Appeals has, however, approved a search without a warrant by a parole or probation officer only, and not searches made by a law enforcement officer:

" * * * Probation authorities also have a special and unique interest in invading the privacy of probationers. This special and unique interest does not extend to law enforcement officers generally. To interpret the Federal Probation Act in such an expansive manner would not be reasonably related to the Act's purposes. For this reason we interpret the Act to require that searches of probationers not otherwise in compliance with the usual standards of the Fourth Amendment be by, or under the immediate and personal supervision of, probation officers. Inasmuch as the search of Consuelo-Gonzalez' residence and handbag occurred neither during the course of a probation visit by a probation officer nor pursuant to a proper warrant, the evidence must be suppressed." *United States v. Consuelo-Gonzalez*, 521 F.2d 259, 266 (9th Cir. 1975).

The holding in *Consuelo-Gonzalez*, supra, that probation officers may search without a warrant as a condition of probation but that law enforcement officers may not be given this right as a condition of probation, has been followed by both Divisions One and Two of the Arizona Court of Appeals. In *State v. Page*, 115 Ariz. 131, 564 P.2d 82 (1976), with Judge Froeb dissenting in part, the Arizona Court of Appeals, Division One, stated:

" * * * First, we agree with the holding in *United States v. Consuelo-Gonzalez,* supra, that the condition is over-broad in that it does not limit the authority to search to the probation officer or to a peace officer at the probation officer's direction. * * * "

We granted review in *Page,* supra, and vacated the opinion on other grounds stating:

"Since the plea must be set aside we need not discuss the challenge to the probationary condition fixed by the judgment of the trial court. Our action in vacating the decision of the Court of Appeals is also applicable to that issue. We reserve our comments on the issue until the matter is presented to us for decision." *State v. Page,* No. 3709–PR, 115 Ariz. 156, 564 P.2d 379 (1977).

The Court of Appeals, Division Two, in *State v. Jeffers,* 116 Ariz. ——, 568 P.2d 1090, No. 2 CA–CR 971, 16 May (1977), appeared to take the same position as the majority of the Court of Appeals in *State v. Page,* supra.

We agree that in a great majority of cases the trial court should not require, as a condition of probation, that the probationer submit to a search and seizure without warrant by any police officer in addition to the search and seizure without a warrant by a probation officer. Such warrantless searches by police may be counter-productive both in rehabilitating the probationer and may interfere with the supervision of the probationer by the court through the court's probation officers. If there is a need because of distance or time, the probation officer can always authorize such a warrantless search by the police officer. The provisions of Condition No. 11 authorizing the warrantless searches by police officers, however, should be sparingly given.

We do not agree, however, that the law in Arizona prevents this practice. Neither do we believe that *United States v. Consuelo-Gonzalez,* supra, controls the case herein. *United States v. Consuelo-Gonzalez* was based upon the Federal Probation Act (18 U.S.C.A. 3651) and the lead opinion clearly

recognized that the states may have a different rule which would be otherwise constitutional:

" * * * It is obvious, however, that opinions differ as to what controls are improper, and we express no opinion here regarding the extent to which the states constitutionally may impose conditions more intrusive on the probationer's privacy than those we here have indicated are proper under the Federal Probation Act. (footnote omitted) For this reason we express no opinion regarding the decision of the Supreme Court of California in *People v. Mason,* 5 Cal.3d 759, 97 Cal. Rptr. 302, 488 P.2d 630 (1971), cert. denied, 405 U.S. 1016, 92 S.Ct. 1289, 31 L.Ed.2d 478 (1972), which permitted contraband discovered by means of a search by police officers pursuant to a probation condition similar to that before us, to be used in obtaining the conviction of a probationer for the offense to which the contraband related." *United States v. Consuelo-Gonzalez,* supra, 521 F.2d at 266.

We hold that Condition No. 11 of defendant's probation is not constitutionally over-broad.

Judgment and sentence affirmed.

STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.

HOLOHAN, Justice, dissenting.

A person on probation suffers a restriction of his liberty. A probationer, however, does not lose all of his constitutional rights. The United States Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) has made it clear that parolees and probationers have certain constitutional rights despite their conditional liberty status.

I believe that the majority has gone too far in restricting the rights of probationers. The so-called "Condition No. 11" is over-broad. In my judgment that portion of the condition which provides for search of the

probationer by any police officer at any time without a search warrant is patently unconstitutional. *People v. Anderson,* 536 P.2d 302 (Colo. 1975).

In my view the majority is correct in holding that the condition is constitutionally valid in allowing a search at any time by a probation officer without a search warrant. I agree with the authorities cited by the majority although there is respectable authority to the contrary. *Tamez v. State,* 534 S.W.2d 686 (Tex.Cr.App. 1976); *People v. Peterson,* 62 Mich.App. 258, 233 N.W.2d 250 (1975). The distinction between the probation officer and the police officer is important in a constitutional sense. The probationer has a conditional liberty dependent upon the observance of special conditions. The statute, A.R.S. § 13–1657(A)(1), requires that a person placed on probation be under the charge and supervision of the probation officer of the court. This requirement is in harmony with the traditional notion of the role and duties of a probation officer in a system of rehabilitation by conditional liberty with supervision.

The role of the police officer is primarily law enforcement. He is not charged with the duty of rehabilitation of felons. His role is to apprehend felons. I find no rationale which can justify the invasion of a probationer's limited rights by warrantless searches by police officers. The condition in question allows such warrantless searches at any time, and, by the omission of any requirement for reasonableness, upon any whim. Such a provision cannot comply with even relaxed standards of due process.