802 P.2d 1030

**The STATE of Arizona, Appellee,**

v.

**Dennis Machorro GARIBALDI, Appellant.**

**No. 2 CA–CR 89–0390.**

Court of Appeals of Arizona, Division 2, Department A.

July 3, 1990.

Petition for Review Denied Jan. 8, 1991.

**332**

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Crane McClennen, Phoenix, for appellee.

Susan A. Kettlewell, Pima County Public Defender by Rebecca A. McLean, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Pursuant to a plea agreement, appellant pled guilty to two class 6 open-ended counts resulting from abuse of his four-year-old son and his wife's seven-year-old son. Appellant was placed on probation for three years. Numerous conditions were imposed including the payment of $180 per month child support for appellant's son. At sentencing, defense counsel argued that the court was without jurisdiction to order child support as a probation condition and the court was later asked to reconsider the child support probation conditions. The sole issue on appeal is whether the trial court had jurisdiction to order the probation condition. It did not. It is true that probation is a matter of grace, *State v. Smith*, 112 Ariz. 416, 542 P.2d 1115 (1975), and the court can impose "such terms and conditions ... as the court deems appropriate." A.R.S. § 13–901(A). And, as the state argues, fathers are legally bound to support their minor children, A.R.S. § 12–2458, and the court, in effect, ordered appellant to follow Arizona law as a condition of his probation.

However, the imposition of probation is governed by A.R.S. § 13–901. The statute dictates what the court can do when imposing probation. None of the possibilities includes the imposition of a child support payment. While the superior court does have original jurisdiction in child support proceedings, the applicable statute, A.R.S. § 12–2452, dictates that the proceedings be civil in nature (except as provided in A.R.S. § 12–2458, which is not applicable in this case) and are originated by the filing of a petition. After the filing of the petition, the superior court is to issue an order giving the respondent an opportunity to be heard on the support matter. A.R.S. § 12–2452(C). As is obvious from this record, there was no petition filed, nor was appellant given an opportunity to answer or to appear at a hearing to challenge the awarding of support or the eventual amount to be imposed. There is no statutory authority for the trial court in a criminal action to enter a child support order. Appellant was denied all due process safeguards, which A.R.S. § 12–2452 provides. Without jurisdiction to do so, the trial court's ordering of the support payments as part of the probation conditions is void and must be vacated. If appellant is to eventually be ordered to pay support for his son, the statutory procedure must be followed and a separate action commenced with the filing of a petition in superior court.

The state's argument that since appellant did not reject the possibility of probation when the terms were imposed prevents appellant from challenging the condition on appeal, citing *State v. Montgomery*, 115 Ariz. 583, 566 P.2d 1329 (1977), is of no moment since the trial court was without jurisdiction to enter the support order and lack of jurisdiction can be raised at any time.

Our review of the record for fundamental error reveals none. Therefore, the judgment of convictions and the sentence

imposed, with the support payment condition vacated, are affirmed.

ROLL, P.J., and LACAGNINA, J., concur.