IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

CHRISTIAN ADAIR, *Appellee*.

No. 1 CA-CR 14-0115
FILED 9-3-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-111090-001
The Honorable Robert L. Gottsfield, Retired Judge

**VACATED AND REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellee*

**OPINION**

Presiding Judge Samuel A. Thumma delivered the decision of the court, in which Judge Patricia A. Orozco and Judge Michael J. Brown joined.

**T H U M M A**, Judge:

¶1        The State of Arizona appeals from an order granting Christian Adair's motion to suppress the fruits of a probation officer's warrantless search of his residence. The State argues the warrantless search did not violate Adair's Fourth Amendment rights because it was reasonable under the totality of the circumstances. Because reasonableness under the totality of the circumstances satisfies the requirements of the Fourth Amendment for such a search, the order is vacated and this matter is remanded for further proceedings consistent with this opinion.

## FACTS[1] AND PROCEDURAL BACKGROUND

¶2        In March 2012, the superior court placed Adair on supervised probation for two felony convictions for solicitation to possess crack cocaine for sale committed in late 2010. The Uniform Conditions of Supervised Probation (Probation Conditions) agreed to by Adair and imposed by the court required him to:

- "maintain a crime-free lifestyle, by obeying all laws, and not engaging or participating in any criminal activity;"
- "not possess or control any . . . firearms [or] ammunition;"
- "submit to search and seizure of person and property by the APD [Adult Probation Department] without a search warrant;"
- "provide the APD safe, unrestricted access to" his residence; and
- "not possess or use illegal drugs or controlled substances and [] submit to drug and alcohol testing as directed by the APD."

Pursuant to these Probation Conditions, the APD conducted warrantless searches of Adair's residence without apparent incident before the search at issue here.

---

[1] On appeal, this court views the evidence in the light most favorable to upholding the superior court's ruling on a motion to suppress. *See State v. Walker*, 215 Ariz. 91, 94 ¶ 16, 158 P.3d 220, 223 (App. 2007).

¶3            In December 2012, an informant told a police officer that Adair was on probation for selling drugs to an undercover officer and "thought that [Adair] was still selling crack cocaine." The informant provided police his or her name and contact information but did not want to testify or be listed by name in any police report. Over the next few months, the informant provided police additional information, with one officer testifying "there was a conversation that the person thought that possibly that [Adair's] young child was going along on these narcotic sales." The officer confirmed Adair was on probation for selling drugs to an undercover officer and had a child with him during that transaction, and that Adair lived at the address provided by the informant.

¶4            In March 2013, the police relayed this information to a probation officer, including that the informant said drugs were still being sold from Adair's residence, or were "possibly being sold from the residence." The probation officer confirmed that Adair's Probation Conditions included a warrantless search term, decided to conduct a warrantless search of Adair's residence and, pursuant to standard APD policy, contacted police for assistance. Three probation officers, accompanied by seven police officers, then went to Adair's residence and, when Adair answered the door, a probation officer told him they were conducting a probation search. Although the record does not reflect any objection to the search at that time, the State does not claim that Adair verbally consented to the search. The officers entered, conducted the warrantless search and seized various contraband, including crack cocaine, scales, packaging, $450 in cash, a gun and ammunition.

¶5            Adair was charged with felony possession of narcotic drugs for sale, possession of drug paraphernalia and misconduct involving weapons. The probation officer also filed a petition to revoke his probation. Adair moved to suppress the items seized during the search, arguing they were the fruits of an illegal search and seizure of his residence because it was a warrantless police search, not a search by probation officers under the Probation Conditions. After briefing and an evidentiary hearing, the superior court rejected Adair's argument that it was a police search, noting the APD "thought it important to conduct a search of the residence and participated in all aspects of the search. This was pursuant to the retention of [APD's] right to conduct such a search under the terms of defendant's probation."

¶6            Adair filed a motion to reconsider that, unlike his motion to suppress, argued the evidence should be suppressed because the probation officers lacked "reasonable suspicion" for the search. After briefing and

argument, the superior court reconsidered and granted Adair's motion to suppress, stating "[a] probation search must be supported by a reasonable suspicion, or a reasonable basis, or reasonable grounds [terms the court found synonymous] to believe the probationer has violated the terms of his probation or is engaging in criminal activity." The court then found the search of Adair's residence "in the court's view did not have a sufficient legal basis pursuant to the cases cited and analyzed by the court: *United States v. Knights*, 534 U.S. 112 (2001); *State v. Walker*, 215 Ariz. 91, 158 P.3d 220 (App. 2007); *State v. Turner*, 142 Ariz. 138, 688 P.2d 1030 (App. 1984), *rev. denied*; *State v. Hill*, 136 Ariz. 347, 666 P.2d 92 (App. 1983), *rev. denied*; *Cf. Griffin v. Wisconsin*, 483 U.S. 868 (1987)."

¶7        The court granted the State's motion to dismiss without prejudice.[2] This court has jurisdiction over the State's timely appeal from the order granting Adair's motion to suppress pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and -4032(6) (2015).[3]

## DISCUSSION

### I.        The Parties' Arguments Under The Fourth Amendment.

¶8        The Fourth Amendment of the United States Constitution, applicable here through the due process clause of the Fourteenth Amendment, provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. Although the Fourth Amendment generally requires a warrant based on probable cause for a search, there are exceptions. *See Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006). As applied, the Fourth Amendment does not require a warrant or probable cause for a probation officer's search of a probationer's residence. *United*

---

[2] The petition to revoke Adair's probation was dismissed at the State's request and his probation terminated based on the passage of time.

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

*States v. Knights,* 534 U.S. 112, 121 (2001); *Griffin v. Wisconsin*, 483 U.S. 868, 872 (1987).[4]

¶9        Adair does not dispute that he was on probation at the time of the search, or challenge the validity of the Probation Conditions. Nor does Adair argue the search was contrary to the Probation Conditions or that this case turns on any Arizona statutory or regulatory provision. Instead, Adair argues the superior court properly determined that the Fourth Amendment required the probation officer's warrantless search of his residence be based on reasonable suspicion of criminal activity. The State argues the Fourth Amendment is satisfied if the search was reasonable under the totality of the circumstances, a lesser standard than reasonable suspicion. Although not squarely resolving the issue, several United States Supreme Court and Arizona appellate cases discuss the issue. Because Arizona decisions discussed the issue before the Supreme Court, the analysis begins with those Arizona cases.

**II.        Arizona Cases Addressing A Probation Officer's Warrantless Search Of A Probationer's Residence.**

¶10        Nearly 40 years ago, the Arizona Supreme Court rejected a constitutional challenge to a probation condition authorizing a probation officer's warrantless search of a probationer's residence. *See State v. Montgomery*, 115 Ariz. 583, 583 & 585, 566 P.2d 1329, 1329, 1331 (1977) (finding probation condition requiring probationer to "'[s]ubmit to search and seizure of person or property at any time by any . . . probation officer without the benefit of a search warrant'" was not "constitutionally over-broad"). In doing so, *Montgomery* stated

> the court may require that a defendant comply
> with numerous conditions of probation when,

---

[4] Adair also relies on Article 2, § 8, of the Arizona Constitution, which states that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." Adair, however, has not shown the search was an "unlawful" warrantless home entry for which Article 2, § 8, would grant protections broader than those provided by the Fourth Amendment. *See State v. Roberson*, 223 Ariz. 580, 583 ¶ 13, 225 P.3d 1156, 1159 (App. 2010) ("'[E]xcept in cases involving "unlawful" warrantless home entries, the right of privacy afforded by Article 2, Section 8, has not been expanded beyond that provided by the Fourth Amendment.'") (quoting *State v. Juarez*, 203 Ariz. 441, 444–45 ¶ 14, 55 P.3d 784, 787–88 (App. 2002)).

in the opinion of the court, such conditions aid in the rehabilitation process or prove a reasonable alternative to incarceration as punishment for the crime committed. . . . Unless the terms of probation are such as to violate basic fundamental rights or bear no relationship whatever to the purpose of probation over incarceration, we will not disturb the trial court in the exercise of its discretion in imposing conditions of probation.

Of course [the warrantless search condition] is a restriction upon the defendant's privacy, but this does not make the condition unconstitutional. While defendant is on probation his expectations of privacy are less than those of other citizens not so categorized. It is not an unreasonable or an unconstitutional limitation upon his right to be free from unreasonable searches and seizures.

*Id.* at 584, 566 P.2d at 1330. *Montgomery* then quoted with approval a California Supreme Court case for the proposition

that persons conditionally released to society, such as parolees, may have a reduced expectation of privacy, thereby rendering certain intrusions by governmental authorities "reasonable" which otherwise would be invalid under traditional constitutional concepts, at least to the extent that such intrusions are necessitated by legitimate governmental demands. . . . Thus, a probationer who has been granted the privilege of probation on condition that he submit at any time to a warrantless search may have no reasonable expectation of traditional Fourth Amendment protection.

*Id.* at 584, 566 P.2d at 1330 (quoting *People v. Mason*, 97 Cal. Rptr. 302, 305, 488 P.2d 630, 633 (1971)); *accord State v. Turner,* 142 Ariz. 138, 144, 688 P.2d 1030, 1036 (App. 1984) (affirming warrantless search of probationer by probation officer); *State v. Jeffers*, 116 Ariz. 192, 195, 568 P.2d 1090, 1093 (App. 1977) (finding similar warrantless search provision was "reasonably

related to" probationer's "rehabilitation and the protection of the public;" "probable cause "is not a constitutional prerequisite . . . it is sufficient if the probation officer believes that a search is necessary to perform his duties properly") (citations omitted).

### III.   United States Supreme Court Cases Addressing A Probation Officer's Warrantless Search Of A Probationer's Residence.

¶11        The cases relied upon by the superior court found that "reasonable suspicion" for a probation officer's warrantless search of a probationer's residence satisfied the Fourth Amendment, but did not hold that reasonable suspicion was constitutionally mandated. *See Knights,* 534 U.S. at 121 (holding search based on "*no more than* a reasonable suspicion" of criminal activity was sufficient) (emphasis added); *Griffin v. Wisconsin,* 483 U.S. 868, 880 n.8 (1987) (holding state court finding that "reasonable grounds" existed for warrant "meets constitutional minimum standards as well"); *State v. Walker,* 215 Ariz. 91, 95 ¶ 19, 158 P.3d 220, 224 (App. 2007) (noting "search was supported by reasonable suspicion" and, therefore, complied with *Knights*); *State v. Turner,* 142 Ariz. 138, 142, 688 P.2d 1030, 1034 (App. 1984) (noting probable cause "for the initial warrantless seizure of [probationer's] luggage" and facts provided "a reasonable basis for the probation officer's [warrantless] search to determine whether appellant had complied with the conditions of his probation"); *State v. Hill,* 136 Ariz. 347, 349, 666 P.2d 92, 94 (App. 1983) (noting similar warrantless search provisions "have consistently been recognized by courts as reasonable and necessary to promote the use of probation as an alternative to incarceration" and vacating suppression of evidence seized in such a search).

¶12        *Knights* did "not decide" whether a comparable "probation condition so diminished, or completely eliminated, [the probationer's] reasonable expectation of privacy . . . that search by a law enforcement officer *without any individualized suspicion* would have satisfied the reasonableness requirement of the Fourth Amendment." 534 U.S. at 120 n.6 (emphasis added). *Knights* noted the probation condition permitted such a search but added that "we need not address the constitutionality of a suspicionless search because the search in this case was supported by reasonable suspicion." *Id.* More recently, *Samson v. California* went even further in the parole context, holding that a law enforcement officer's warrantless and suspicionless search of a parolee did not violate the Fourth Amendment. 547 U.S. 843, 846 (2006).

¶13        This court need not address, and does not decide, whether a probation officer's suspicionless search of a probationer's residence satisfies

the Fourth Amendment. Nor does this court address the constitutionality of a police officer's warrantless search of a probationer's residence. Rather, the issue is whether reasonableness under the totality of the circumstances for a probation officer's warrantless search of a probationer's residence satisfies the requirements of the Fourth Amendment.

**IV.    Assessing A Probationer's Privacy Interests And The Governments Legitimate Interests.**

¶14         "The touchstone of the Fourth Amendment is reasonableness, and the reasonableness of a search is determined 'by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.'" *Knights*, 534 U.S. at 118-19 (quoting *Wyoming v. Houghton*, 526 U.S. 295, 300 (1999)). Adair's "status as a probationer subject to a search condition informs both sides of that balance." *Id.* at 119.

¶15         Because Adair was on probation subject to the Probation Conditions, his privacy rights were significantly diminished.

> Probation, like incarceration, is "a form of criminal sanction imposed by a court upon an offender after verdict, finding, or plea of guilty." Probation is "one point . . . on a continuum of possible punishments ranging from solitary confinement in a maximum-security facility to a few hours of mandatory community service." Inherent in the very nature of probation is that probationers "do not enjoy 'the absolute liberty to which every citizen is entitled.'" Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens.

*Knights*, 534 U.S. at 119 (citations omitted). As in *Knights*, the Probation Conditions are designed to "further the two primary goals of probation - rehabilitation and protecting society from future criminals." *Id.* The Probation Conditions "clearly expressed the search condition and [Adair] was unambiguously informed of it," meaning the Probation Conditions

"significantly diminished [Adair's] reasonable expectation of privacy." *Id.* at 119-120; *accord Samson*, 547 U.S. at 849 (citing *Knights*, 534 U.S. at 119-20).

¶16      Turning to the government's legitimate interests, probation searches like the one of Adair's residence here, "are necessary to the promotion of legitimate governmental interests," including "the State's dual interest in integrating probationers back into the community and combating recidivism." *Samson*, 547 U.S. at 849 (citing *Knights*, 534 U.S. at 120-21).

> [P]robationers have even more of an incentive to conceal their criminal activities and quickly dispose of incriminating evidence than the ordinary criminal because probationers are aware that they may be subject to supervision and face revocation of probation, and possible incarceration, in proceedings in which the trial rights of a jury and proof beyond a reasonable doubt, among other things, do not apply.

*Id.* at 849 (quoting *Knights*, 534 U.S. at 120). The State's interest "in apprehending violators of the criminal law, thereby protecting potential victims of criminal enterprise, may therefore justifiably focus on probationers in a way that it does not on the ordinary citizen." *Knights*, 534 U.S. at 121. The State is not required "to ignore the reality of recidivism or suppress its interests in 'protecting potential victims of criminal enterprise' for fear of running afoul of the Fourth Amendment." *Samson*, 547 U.S. at 849 (quoting *Knights*, 534 U.S. at 121).

¶17      Recognizing these interests, *Samson* held "that the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee." *Samson*, 547 U.S. at 857. *Samson* rejected "[i]mposing a reasonable suspicion requirement," noting "[t]he touchstone of the Fourth Amendment is reasonableness, not individualized suspicion." *Id.* at 854 & 855 n.4. Instead, *Samson* directs that a reviewing court must "'examin[e] the totality of the circumstances' to determine whether [such] a search is reasonable within the meaning of the Fourth Amendment." 547 U.S. at 848 (quoting *Knights*, 534 U.S. at 118).

¶18      *Samson* involved a police officer's suspicionless search of a parolee's person based on his status as a parolee. 547 U.S. at 846. Adair does not argue that the search of his residence (as opposed to a search of his person) distinguishes *Samson*. Moreover, unlike *Samson*, the search here

was executed by probation officers based on information received that Adair was involved in criminal activity in violation of his Probation Conditions, furthering the government's legitimate interests in protecting society from criminal activity more directly than the suspicionless search in *Samson*. *Id.* at 849 (citing *Knights*, 534 U.S. at 120-21). It is true that, in considering a suspicionless search, *Samson* stated "parolees have fewer expectations of privacy than probationers, because parole is more akin to imprisonment than probation is to imprisonment." 547 U.S. at 850. Many of the State's legitimate interests identified in *Samson*, however, apply equally to probationers. 547 U.S. at 853, 854-55; *see also id.* at 861 (Stevens, J., dissenting) ("[I]t is simply not true that a parolee's status, vis-à-vis either the State or the Constitution, is tantamount to that of a prisoner or even materially distinct from that of a probationer.").

¶19 Although not squarely answering the issue, Arizona appellate courts have suggested that reasonableness under the totality of the circumstances satisfies the Fourth Amendment for warrantless searches of a probationer as well as a parolee. In dicta, the Arizona Supreme Court stated *Samson* "employed a 'totality of the circumstances test' in finding the search reasonable" and *Knights* "had earlier employed a totality of the circumstances analysis to uphold the suspicionless search of a probationer." *Mario v. Kaipio*, 230 Ariz. 122, 126 ¶ 14, 281 P.3d 476, 480 (2012). This court has made similar statements. *See State v. Allen*, 216 Ariz. 320, 326 ¶ 24 & n.5, 166 P.3d 111, 117 & n.5 (App. 2007) (citing *Samson* and *Knights* for proposition that Supreme Court "has applied a reasonableness standard in reviewing warrantless searches or seizures in a variety of circumstances"); *Walker*, 215 Ariz. at 94, 158 P.3d at 224 (noting, in dicta, *Samson* rationale "is likely applicable to probationers"). The Ninth Circuit Court of Appeals, in a case involving a probation condition authorizing a suspicionless search, held that a search of a probationer's residence based on "less than reasonable suspicion" did not violate the Fourth Amendment. *See United States v. King*, 736 F.3d 805, 806 & n.1 (9th Cir. 2013) (on denial of petition for rehearing en banc).

¶20 This authority demonstrates that reasonableness under the totality of the circumstances satisfies the Fourth Amendment when analyzing the probation officer's warrantless search of a probationer's residence undertaken pursuant to the Probation Conditions. *See, e.g., Samson*, 547 U.S. at 848; *Knights*, 534 U.S. at 118. Accordingly, the superior court's order granting the motion to suppress based on an understanding that the Fourth Amendment required a higher standard of reasonable suspicion is vacated. This court cannot, as a matter of law, conclude that the search was unreasonable under the totality of the circumstances on this

record; that issue, by definition, is fact intensive and best left to the superior court in the first instance. *Accord State v. Woods*, 210 Ariz. 199, 200 ¶ 7, 109 P.3d 94, 95 (App. 2014) (noting appellate courts "defer to the superior court's factual findings" in addressing ruling on motion to suppress). Therefore, this matter is remanded to the superior court to determine whether the probation officer's warrantless search of Adair's residence and resulting seizure of contraband was reasonable under the totality of the circumstances.[5]

**V.      Relevant Factors In Determining Whether A Probation Officer's Warrantless Search Of A Probationer's Residence Is Reasonable Under The Totality Of The Circumstances.**

**¶21**      Assessing whether conduct is reasonable under the totality of the circumstances is not a formulaic task. Although not providing definitive elements or factors, and recognizing resolution of the issue depends upon the specific facts of a given case, caselaw does provide some guidance for making that assessment. The target of the search must be a known probationer subject to a valid, enforceable probation condition allowing a warrantless search. The search must be conducted by a probation officer in a proper manner and for the proper purpose of determining whether the probationer was complying with probation obligations. *See Turner*, 142 Ariz. at 143, 688 P.2d at 1035. And the search must not be arbitrary, capricious or harassing. *See King* 736 F.3d at 810; *cf.* Ariz. R. Crim. P. 27.3 cmt. (noting provision governing modification and clarification of probation "is included to protect the probationer from arbitrary conditions or regulations").

---

[5] Given this conclusion, this court need not address the parties' arguments about whether the search was authorized on a consent theory or by the "special needs" of the probation system. *See Knights*, 534 U.S. at 119 (noting, after concluding search was reasonable under the totality of the circumstances, "[w]e need not decide whether Knights' acceptance of the search condition constituted consent in the *Schneckloth* [*v. Bustamonte*, 412 U.S. 218 (1973)] sense of a complete waiver of his Fourth Amendment rights"); *Samson*, 547 U.S. at 852 n.3 (expressly not reaching whether search was proper under consent theory or "special need" justification); *Griffin*, 483 U.S. at 875 (addressing "whether the 'special needs' of its probation system justify Wisconsin's search regulation"); Arizona Code of Judicial Administration § 6-101 et seq. ("Probation").

## CONCLUSION

¶22      The order granting Adair's motion to suppress is vacated and this matter is remanded for further proceedings consistent with this opinion.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama