IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

---

THE STATE OF ARIZONA,
*Appellee*,

*v.*

JAVIER FRANCISCO NAVARRO,
*Appellant*.

No. 2 CA-CR 2016-0020
Filed October 7, 2016

---

Appeal from the Superior Court in Pima County
No. CR20150757001
The Honorable Jane L. Eikleberry, Judge

**AFFIRMED**

---

COUNSEL

Mark Brnovich, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By Kathryn A. Damstra, Assistant Attorney General, Tucson
*Counsel for Appellee*

Dean Brault, Pima County Legal Defender
By Scott A. Martin and Alex Heveri,
Assistant Legal Defenders, Tucson
*Counsel for Appellant*

**OPINION**

Chief Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Vásquez and Judge Howard concurred.

E C K E R S T R O M, Chief Judge:

**¶1** Following a jury trial, appellant Javier Navarro was convicted of four counts of aggravated driving under the influence of an intoxicant (DUI). The trial court sentenced him to concurrent terms of four months' incarceration, pursuant to A.R.S. § 28-1383(D), followed by concurrent five-year terms of probation. The sole issue Navarro raises on appeal is whether the results of his warrantless breath test should have been suppressed in light of *State v. Valenzuela*, 239 Ariz. 299, 371 P.3d 627 (2016). We affirm for the reasons that follow.

**Factual and Procedural Background**

**¶2** We discuss only those facts relevant to the suppression ruling challenged on appeal. *See State v. Smith*, 228 Ariz. 126, ¶ 2, 263 P.3d 675, 676 (App. 2011).[1] Navarro was arrested for DUI on February 15, 2015. At that time, a police officer read Navarro the same "admin per se" form that our supreme court later held to be invalid in *Valenzuela*, 239 Ariz. 299, ¶¶ 5, 22, 28, 371 P.3d at 629-30, 634, 636. Upon hearing the erroneous admonition that he was

---

[1] When Navarro filed his suppression motion below, he acknowledged that our now vacated decision in *State v. Valenzuela*, 237 Ariz. 307, 350 P.3d 811 (App. 2015), was controlling, adverse authority; the trial court thus declined his request for a suppression hearing. Because no hearing was held in this case, we draw our facts from the uncontested material appended to Navarro's suppression motion as well as the evidence presented at trial. *Cf. State v. Cañez*, 202 Ariz. 133, ¶ 70, 42 P.3d 564, 586 (2002) (acknowledging suppression arguments are subject to appellate review "even absent a pretrial motion to suppress").

required by law to submit to blood or breath testing, Navarro agreed to submit to a breath test.  The results revealed that his blood alcohol concentration was above 0.15.  The trial court summarily denied Navarro's motion to suppress this evidence and, in January 2016, entered the judgment and sentence.  This appeal followed.

**Discussion**

¶3    In his opening brief, Navarro argued the warrantless breath test violated the Fourth Amendment because it was the product of coercion and "involuntary 'consent.'"  The state responded that the search was proper under the Supreme Court's recent decision in *Birchfield v. North Dakota*, ___ U.S. ___, 136 S. Ct. 2160 (2016), which we address below.  In his reply brief, Navarro countered that article II, § 8 of our state constitution "can be interpreted to afford Arizona citizens . . . more rights than the federal counterpart."  We need not decide whether Navarro properly raised this state constitutional claim because we find no error in the trial court's refusal to suppress the evidence.  *See State v. Diaz*, 223 Ariz. 358, ¶ 11, 224 P.3d 174, 176-77 (2010) (stating appellant must first establish error under any standard of appellate review).

¶4    Under the Fourth Amendment to the United States Constitution, suppression was not required here because, as *Birchfield* held, a warrantless breath test is allowed as a search incident to a lawful DUI arrest.  ___ U.S. at ___, 136 S. Ct. at 2184.  With respect to the analogous article II, § 8 of the Arizona Constitution,[2] our own supreme court has long recognized that a search incident to a lawful arrest does not require any warrant, *Argetakis v. State*, 24 Ariz. 599, 606, 608-09, 212 P. 372, 374-75 (1923), and that non-invasive breath tests for DUI arrestees fall within this exception.  *State v. Berg*, 76 Ariz. 96, 103, 259 P.2d 261, 266 (1953), *overruled on other grounds by State v. Pina*, 94 Ariz. 243, 245, 383 P.2d 167, 168 (1963).  Our highest court concluded in *Berg*—much like the Supreme Court did in *Birchfield*, ___ U.S. at ___, 136 S. Ct. at 2184—

---

[2]It provides:  "No person shall be disturbed in his private affairs, or his home invaded, without authority of law."

that requiring a DUI arrestee to exhale into a testing device is a "slight inconvenience" that represents a "burden which such defendant must bear for the common interest." *Berg*, 76 Ariz. at 103, 259 P.2d at 266; *accord Campbell v. Superior Court*, 106 Ariz. 542, 547, 479 P.2d 685, 690 (1971).

**¶5**     These precedents foreclose the argument that article II, § 8 of the Arizona Constitution provides greater privacy protection than the federal constitution with regard to DUI breath testing. As an intermediate appellate court, we cannot disaffirm a decision of the Arizona Supreme Court on a matter under our state constitution, even if we believe the decision should be revisited. *See Sell v. Gama*, 231 Ariz. 323, ¶ 31, 295 P.3d 421, 428 (2013); *State v. Albe*, 148 Ariz. 87, 89, 713 P.2d 288, 290 (App. 1984).

**¶6**     "The exclusionary rule is, in essence, judge-made law designed to vindicate the constitutional right to privacy as embodied in the Fourth . . . [A]mendment[] to the Constitution of the United States and in article 2 section[] 8 . . . of the Arizona Constitution." *State v. Coates*, 165 Ariz. 154, 157, 797 P.2d 693, 696 (App. 1990). Under the rule, "[t]he court must exclude from a criminal trial any evidence obtained in violation of the Fourth Amendment and article 2, section 8, unless the good-faith exception to the exclusionary rule applies." *State v. Peoples*, ___ Ariz. ___, ¶ 9, 378 P.3d 421, 424 (2016). This rule exists, in short, to deter unconstitutional police conduct. *See Davis v. United States*, 564 U.S. 229, 231-32 (2011); *State v. Bolt*, 142 Ariz. 260, 267, 689 P.2d 519, 526 (1984). Because the warrantless breath test to which Navarro submitted did not violate any provision of the United States or Arizona Constitutions, according to our highest respective courts, the exclusionary rule is inapplicable to this case.[3]

---

[3]Although our implied consent statute, A.R.S. § 28-1321(B), (D), normally prohibits law enforcement officers from collecting samples for chemical testing in the absence of either actual consent or a search warrant, Navarro has not developed any argument that a violation of this statute requires the suppression of evidence in a criminal trial. Because this distinct legal question is not properly before us, we do not address it. *See State v. Bolton*, 182 Ariz. 290, 298,

¶7  Questions concerning the validity of Navarro's consent and the applicability of the good-faith exception are consequently irrelevant to the constitutional issue raised on appeal. *Valenzuela* is distinguishable insofar as that case involved not a breath test but a warrantless blood test, the results of which were inadmissible absent either voluntary consent or the good-faith exception. *See* 239 Ariz. 299, ¶ 2, 371 P.3d at 629.

## Disposition

¶8  For the foregoing reasons, the convictions and sentences are affirmed.

---

896 P.2d 830, 838 (1995) ("Failure to argue a claim on appeal constitutes waiver of that claim.").